COURT OF APPEALS OF VIRGINIA


Present:  Judges Bray, Annunziata and Overton


STEEL FAB, INC. and
 INSURANCE COMPANY OF NORTH AMERICA
                                        MEMORANDUM OPINION*
v.   Record No. 1972-96-3                   PER CURIAM
                                         JANUARY 7, 1997
DANIEL L. KEITH


            FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

                (Arthur T. Aylward; Midkiff & Hiner, on
                brief), for appellants.

                (Martin Wegbreit; Client Centered Legal
                Services of Southwest Virginia, Inc., on
                brief), for appellee.


        Steel Fab, Inc. and its insurer (hereinafter collectively

referred to as "employer") contend that the Workers' Compensation

Commission (commission) erred in finding that (1) Daniel L. Keith

(claimant) sustained an injury by accident arising out of and in

the course of his employment on April 17, 1995; (2) claimant's

back condition was causally related to the April 17, 1995

accident; (3) claimant was totally disabled beginning April 18,

1995 and continuing; and (4) claimant had not been released to

light-duty work as of July 12, 1995.  Upon reviewing the record

and the briefs of the parties, we conclude that this appeal is

without merit.  Accordingly, we summarily affirm the commission's

decision.  Rule 5A:27.

        *Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

On appeal, we view the evidence in the light most favorable to the prevailing party below. R.G. Moore Bldg. Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).

So viewed, the evidence established that on April 17, 1995, claimant was working for employer as a welder. Claimant testified that at approximately 6:45 p.m. on that day, the following occurred:

> I was going to flip [the tank] over and the rollers on the buggy was locked up. The tank [which weighed between seventy-five and 100 pounds] was hard to turn and when I went to turn it, in a split second it tried to take off, the buggy did where it was on the tank. . . . I tried to keep the tank on the buggy and keep it from falling, hold it up and flip it over. . . . A sudden pain come in my back and shot down my leg.

Toby Taylor, who was working next to claimant on April 17, 1995, testified that claimant hollered at Taylor for help with the tank and told Taylor that he'd hurt his back.

Factual findings made by the commission will be upheld on appeal if supported by credible evidence. James v. Capitol Steel Constr. Co., 8 Va. App. 512, 515, 382 S.E.2d 487, 488 (1989). Claimant's testimony, which is consistent with the history of the accident that he reported to Johnston Memorial Hospital emergency room personnel, Med-One personnel, and Dr. Matthew Wood, and which was corroborated by Taylor's testimony, provides credible evidence to support the commission's finding that claimant sustained an injury by accident arising out of and in the course

of his employment on April 17, 1995.  Therefore, this finding is conclusive on appeal.  "The fact that there is contrary evidence in the record is of no consequence if there is credible evidence to support the commission's finding."  Wagner Enters., Inc. v. Brooks, 12 Va. App. 890, 894, 407 S.E.2d 32, 35 (1991).

II.

"The actual determination of causation is a factual finding that will not be disturbed on appeal if there is credible evidence to support the finding."  Ingersoll-Rand Co. v. Musick, 7 Va. App. 684, 688, 376 S.E.2d 814, 817 (1989).

The medical records of Johnston Memorial Hospital, Wise Appalachian Regional Hospital, Dr. Michael Lady of Med-One, and Dr. Daniel Robertson provide substantial credible evidence to support the commission's finding that claimant's back problem and disability were causally related to the April 17, 1995 injury by accident.  Therefore, we will not disturb this finding on appeal.

Employer contends that these medical records do not constitute credible evidence because these medical providers were not aware of a back injury sustained by claimant in March 1995. However, the commission found that the March 1995 injury was minor and did not result in disability.  The evidence showed that claimant did not seek medical care after the March 1995 back injury nor did he miss any work.  Claimant testified that the March 1995 injury resolved before the April 17, 1995 accident. In addition, he stated that while he experienced some soreness

3

after the March 1995 incident, the April 17, 1995 accident felt as if someone hit him in the back with an axe. Based upon claimant's testimony, the commission, as fact finder, was entitled to infer that the March 1995 injury was minor, and that claimant's continuing severe incapacitating pain and disability after April 17, 1995 was causally related to the April 17, 1995 injury by accident. "Where reasonable inferences may be drawn from the evidence in support of the commission's factual findings, they will not be disturbed by this Court on appeal." Hawks v. Henrico County Sch. Bd., 7 Va. App. 398, 404, 374 S.E.2d 695, 698 (1988).

## III. and IV.

Neither Dr. Wood nor Dr. Robertson released claimant to return to light duty work as of his last office visit to these physicians. Rather, they both recommended further treatment. Claimant did not undergo further treatment because employer's insurer denied his claim. Based upon this record, the commission did not err in finding that claimant remained disabled and had not been released to return to light-duty work.

For these reasons, we affirm the commission's decision.

Affirmed.

4